IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.                                            Civil Action No. 5:14CV15
                                                         (STAMP)
ALIO SCENNA, GINA SCENNA,
AL SCENNA BARBER & STYLES,

    Defendants,

and

TRUDY MALONE, MICHAEL MALONE,
and the ESTATE OF MICHELLE PARSONS,
Trudy Malone, Administratrix,

    Nominal Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART WITHOUT PREJUDICE
AND DENYING IN PART WITH PREJUDICE THE
MALONE DEFENDANTS' MOTION TO DISMISS**

I.   Procedural History

The plaintiff in the above-styled civil action has filed a declaratory judgment action in this Court to determine whether it has a duty to provide coverage to the defendants under a general commercial liability policy granted to defendant Alio Scenna ("Mr. Scenna"). The question of the coverage arose because of an underlying state court personal injury case filed by Trudy Malone, Michael Malone, and the Estate of Michelle Parsons, through Trudy Malone, Administratrix ("the Malones"), against the other three defendants, Alio Scenna, Gina Scenna, and Al Scenna Barber & Styles

("the Scennas"). The underlying state court action involves a car accident wherein the plaintiffs allege that Mr. Scenna caused an accident which killed Michelle Parsons and seriously injured Trudy Malone and Michael Malone.

In response to the plaintiff's complaint, the Malones filed a motion to dismiss. Thereafter, the plaintiff filed a response. A reply has not been filed. Further, the plaintiff and the Malones later filed a Rule 26(f) report pursuant to this Court's first order and notice dictating deadlines which fulfill the requirements of Federal Rule of Civil Procedure 26. The plaintiff and the Malones indicated in their Rule 26(f) report that the Scennas had not appeared in this action, but that the Malones and the plaintiff had agreed on deadlines for a scheduling order. This Court then held a status and scheduling conference at which it set forth a scheduling order, discussed the pending motion to dismiss, and also directed plaintiff's counsel to acquire further information about the Scennas status in this action.[1]

## II. Facts

In their motion to dismiss, the Malones first argue that the plaintiff failed to include the complete declarations page in the complaint and thus this Court should dismiss the complaint and this action. Next, the Malones contend that the policy language is

---

[1] At the conference, plaintiff's counsel stated that the Scenna defendants had been served but that proof of service had not been filed as of June 3, 2014, the date of the conference.

ambiguous in this case and as such this Court should find, under existing law, that there is coverage. Finally, the Malones contend that the issues in this action arise under West Virginia law and that it would be inefficient for this Court to decide the declaratory judgment issue as the underlying issues are already part of a state court action.

The plaintiff first argues that its failure to include the complete declarations page in the complaint is of no consequence because it alleged in paragraph 8 of the complaint that Mr. Scenna was the named insured at the time of the accident. The plaintiff next argues that the Malones' arguments as to ambiguity of the policy language relate to whether or not coverage exists and not whether a cause of action has been pled. However, insofar as it does, the plaintiff asserts that the language is unambiguous. Finally, the plaintiff contends that this case should not be remanded because the <u>Nautilus</u> factors are not in the Malones' favor: (1) there are no novel issues; (2) the plaintiff is not a party to the state court action; (3) the coverage issue should be resolved as efficiently as possible; and (4) there is no evidence of forum shopping.

Additionally, during the status and scheduling conference, the Court further inquired of counsel for the Malones and for the plaintiff of their positions as to the motion to dismiss. The Malones indicated that their interests align with the interests of

the Scennas insofar as insurance coverage by the plaintiff under the commercial policy is questioned in this action.  Further, the parties indicated that the plaintiff has not been joined in the state court action as a party and thus the Nautilus[2] factors are likely not addressable at this time.  Also, the Malones' counsel indicated that there is no scheduling order in the state court action at this time and that some paper discovery has been exchanged.  Finally, the parties indicated that there is a need for discovery and the potential involvement of experts in this action as to the issue of the ambiguity of the insurance policy.

As a reply was not filed within the time allotted within the Federal Rules of Civil Procedure and Local Rules of this Court, the Malones' motion to dismiss is now fully briefed.  For the reasons that follow, this Court finds that the Malones' motion to dismiss should be denied without prejudice.

### III.  Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations

---

[2]Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371 (4th Cir. 1994).

contained in the complaint as true.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 663-666 (2009).

Further, the Federal Rules of Civil Procedure provide that, prior to filing a responsive pleading, a defendant may challenge the district court's subject matter jurisdiction over the claims brought against it by filing a motion to dismiss under Rule 12(b)(1).  The federal district courts are courts of limited

5

jurisdiction, and may only hear cases over which they have been granted jurisdiction either by statute or by the Constitution. When a defendant brings a motion under Rule 12(b)(1), a court must dismiss the case against it if the court finds that it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Once subject matter jurisdiction has been challenged, it is the plaintiff's "burden of proving that subject matter jurisdiction exists." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Further, because subject matter jurisdiction cannot be waived by the court or by the parties, and if lacking, renders the district court wholly unable to rule on any matter in controversy, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

IV. Discussion

A. Declarations Page

To reiterate, the parties disagree as to whether or not this action should be dismissed because the plaintiff did not attach a copy of the Business Owners Policy Common Declarations page to the complaint. This Court agrees with the plaintiff that although the declarations page would be helpful to the defendants, it was not

6

required that the declarations page be attached to the complaint as long as the defendants were on notice as to the information that the declarations page would provide. The plaintiff has provided, at paragraph 8 of the complaint and otherwise in the complaint, the information which would be provided by the declarations page. Thus, the plaintiff did assert a claim upon which relief may be granted as this Court must accept such information as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d at 143. Thus, the Malones' motion to dismiss is denied as to this assertion.

B. Ambiguity of Contract

As to the parties' arguments concerning the ambiguity of the contract, both parties agreed at the status and scheduling conference that more discovery and possibly the involvement of experts was required for the parties, or this Court, to make a determination as to the issue of ambiguity of the insurance contract provisions. As such, this Court finds that the motion to dismiss should be denied at this time. However, the Court will deny the motion without prejudice to permit its re-filing at a later time if it is appropriate to do so.

C. Abstention

The Malones contend that this Court should abstain from hearing this action as there is a pending state court action

involving the Malones and the Scennas. The defendant argues that the <u>Nautilus</u> factors do not support abstention.

As an initial matter, under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See <u>Nautilus</u>, 15 F.3d at 375. Rather, a district court's decision to hear such a case is discretionary. <u>Id.</u>

Initially, the United States Court of Appeals for the Fourth Circuit in <u>Mitcheson v. Harris</u>, 955 F.2d 235, 237-40 (4th Cir. 1992), indicated that when determining whether to entertain a declaratory judgment action, a district court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

<u>Id.</u> (as cited in <u>Nautilus Ins. Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 377 (4th Cir. 1994)). Later, in <u>Nautilus</u>, the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B.

8

Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

1. State's Interest

The state's interest does not weigh in favor of abstention. This Court is familiar with West Virginia insurance law and has applied that law in previous actions filed in this Court. This Court is also familiar with the law regarding a determination of whether or not an insurance clause is ambiguous. As such, the state's interest is not sufficient to warrant abstention.

2. Efficiency

The Malones, through counsel, indicated that the state court has not set forth a scheduling order and that limited paper discovery has taken place. Thus, this Court does not find that the state court would be able to more efficiently resolve this case than this Court. This Court has set forth a scheduling order and thus the parties should now be engaged in the exchange of discovery to further the resolution of this action. Further, without any information as to a state court trial date or other deadlines, this Court cannot determine whether or not the state court action would be resolved more efficiently than the current action.

3. Entanglement

The plaintiff has not been made a party of the state court action, thus, the state court action differs from this action in

that regard. As such, the "lynchpin" of any entanglement argument is missing and this Court finds that abstention is not justified.

   4.  Procedural Fencing

The Malones have not provided any evidence that the plaintiff has engaged in procedural fencing by bringing this action in this Court. Further, because there are different parties and different factual and legal issues involved in this action versus the underlying state court action, the plaintiff cannot be said to be attempting to win a race for res judicata as the determination of declaratory relief in this Court will be much different than a liability determination in the state court action. Therefore, the motion to dismiss on this issue is denied.

## V.  Conclusion

Based on the analysis above, this Court finds that the Malones' motion to dismiss is DENIED WITH PREJUDICE as to the declarations page and abstention issues and DENIED WITHOUT PREJUDICE as to the question of ambiguity.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 4, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE