IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                         Civil Action No. 5:14CV15
                                                                  (STAMP)
ALIO SCENNA, GINA SCENNA and
AL SCENNA BARBER & STYLES,

    Defendants,

and

TRUDY MALONE, MICHAEL MALONE and
the ESTATE OF MICHELLE PARSONS,
Trudy Malone, Administratrix,

    Nominal Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Background

The plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), filed a declaratory judgment action in this Court to determine whether it has a duty to provide coverage to the defendants under a general commercial liability policy ("CGL policy") granted to defendant Alio Scenna. The question of the coverage arose because of an underlying personal injury case, brought by Trudy Malone, Michael Malone, and the Estate of Michelle Parsons, through Trudy Malone as Administratrix ("the Malones"), against the other three defendants, Alio Scenna, Gina Scenna, and Al Scenna Barber & Styles ("the Scennas"). The underlying state

court action involves a car accident wherein the plaintiffs allege that Alio Scenna caused an accident which killed Michelle Parsons and seriously injured Trudy Malone and Michael Malone. State Auto has now filed a motion for summary judgment. The Malones filed a response to that motion. However, the Scennas did not respond. The motion for summary judgment is fully briefed and ripe for review.

In its motion for summary judgment, State Auto contends that the CGL policy excludes coverage for automobile accidents that arise from accidents in which the vehicle was owned by an insured. Thus, State Auto argues that the Scennas are precluded from claiming coverage for the underlying car accident as the state court complaint alleges injuries that arise out of the ownership, use, and entrustment of an automobile. Further, State Auto asserts that an exception to the exemption does not apply as Alio Scenna (1) was not parking the vehicle next to his barber shop but rather was pulling out of a bank parking lot, and (2) the vehicle was owned by Gina Scenna and operated by Alio Scenna. State Auto argues that the exemption to the exception is not illusory as it is meant to apply to valet situations.

In response, the nominal defendants, the Malones, argue that the Scennas are covered under the CGL policy or, in the alternative, that the policy is ambiguous and must be read in the Malones' favor. First, the Malones contend that this Court's

2

decision in Essex Ins. Co. v. Neely, No. CIV. A. 5:04CV139, 2008 WL 619194, at *9 (N.D. W. Va. Mar. 4, 2008), is not applicable as the policy reviewed in that case did not include the exception to the vehicle ownership exclusion clause in this case. Second, the Malones assert that coverage is not precluded by the application of Middlesex Mut. Assur. Co. v. Fish, 738 F. Supp. 2d 124, 131 (D. Me. 2010), as it is likely that Alio Scenna was not "loaned" the vehicle he was driving by Gina Scenna. The Malones argue that (1) the Scennas have claimed that Alio Scenna was not acting within the scope of his employment and thus Gina Scenna could not have loaned her car to the business for business purposes, and (2) even though Alio was driving a car that was owned by Gina, his wife, he likely was not being "loaned" the vehicle as he likely did not have to ask permission to use the vehicle. Next, the Malones contend that because of the proximity of the bank's parking lot, where the accident occurred, to the barber shop and Alio Scenna's immediate return to the barber shop parking lot after the accident, Alio Scenna should be held as being under the exception of parking next to the business. Further, the Malones assert that the language "or on the ways next to" is ambiguous and that the accident location would fall within the general meaning of that phrase.

In its reply, State Auto first reiterates that Alio Scenna was using a car that he or the other insured, Gina Scenna, owned and at most, Gina Scenna loaned Alio Scenna the car to use the day of the

accident.  State Auto then argues that in order to trigger coverage under the CGL policy, one must be an insured under that policy, and thus the Malones' argument that Alio Scenna was not acting within his employment the day of the accident goes against coverage under the policy, not in favor of coverage.  Finally, State Auto asserts that the policy in Essex (which it attached as an exhibit) had the same exact exception as the exception in this case and thus this Court should again hold that the language is unambiguous and exempts the Scennas from coverage.

Based on the analysis that follows, this Court finds that State Auto's motion for summary judgment should be granted.

## II.  Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." <u>Anderson</u>, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; see also <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See <u>Oksanen v. Page</u>

5

Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

### III. Discussion

It is undisputed that West Virginia law should apply in this case. Under West Virginia law, this Court does not have to adjudicate the underlying facts of the state court action in order to decide coverage. See West Virginia Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 490 (W. Va. 2004) ("[T]he insured's position is based on the fatally flawed notion that in order for the trial court to decide coverage, it must adjudicate the underlying facts. This simply is not true under our law."). The Supreme Court of Appeals of West Virginia has stated that, as a general rule, when a court considers an insurer's duty to defend, it must look to whether the allegations in the complaint "are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." Id. Further, an insurance company's duty to defend is determined primarily by the pleadings in the underlying lawsuit. Id. at 498 (quoting 14 Lee R. Russ, Couch on Insurance § 200:20 (1999)). This Court does not look to the veracity of the pleadings when making the determination. Id.

State Auto has shown there are no genuine issues of material fact. The burden then shifts to the Malones to show that there are triable issues of fact. The Malones have failed to meet this burden. With no issues of fact in dispute, coverage issues in an insurance contract are questions of law. Syl. Pt. 1, Tennant v. Smallwood, 568 S.E.2d 10 (W. Va. 2002). This Court now turns to the provisions of the policy.

A. Auto Exclusion

The Malones argue that the auto exclusion should not apply as it is likely Alio Scenna did not ask permission to use the car owned by Gina Scenna and thus it was not loaned to Alio Scenna. In the alternative, the Malones assert that Alio Scenna was not acting within the scope of his employment when he was using Gina Scenna's vehicle the day of the accident.

Insurance policy provisions which are clear and unambiguous are not subject to judicial review or interpretation; rather, courts must give full effect to the plain meaning intended. Kelly v. Painter, 504 S.E.2d 171 (W. Va. 1987). As this Court has previously found, when reviewing the same exclusion, this Court finds that the policy language is clear, and it is unambiguous. Essex, 2008 WL 619194 at *9. Further, this Court finds, despite the Malones' argument otherwise, that Essex is applicable to this case as Essex involved the same auto exclusion provision. Additionally, the language used in the auto exclusion exception, as

7

will be discussed in the next section, is similar and almost mirrors the auto exclusion language as to the ownership phrase.[1]

Section I, paragraph 2 of the CGL Coverage Form lists the exclusions of the policy and provides, in pertinent part:

2.  Exclusions

This insurance does not apply to:

* * *

    g.  Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

ECF No. 23-3.

This Court rejects the defendants' contentions that Alio Scenna was "loaned" the car by Gina Scenna or not, or that Alio Scenna was not acting within the scope of his employment.  As State Auto notes, if Alio Scenna was not acting within the scope of his employment, then he would not be an "insured" under the policy and thus the Malones' argument for coverage would fail even without the application of the auto exclusion.  Further, the Malones contend in their state court complaint that Alio Scenna was "within the active course and scope of his employment as owner and operator of Al

---

[1] The auto exclusion uses the language "owned or operated by or rented or loaned to any insured" and the exception to the auto exclusion uses the language "owned by or rented or loaned to you or the insured."  ECF No. 23-3.

Scenna Barber and Styles." ECF No. 23-2 at 3. To reiterate, an insurance company's duty to defend is determined primarily by the pleadings in the underlying lawsuit. <u>Stanley</u>, 602 S.E.2d at 498 (citation omitted). Thus, the Malones' argument regarding the scope of employment does not resonate with this Court.

Moreover, the motor vehicle accident resulting in the Malones' alleged injuries indisputably occurred because of the actions of an insured who was loaned the vehicle. Alio Scenna was driving the car of his wife, Gina Scenna, the day of the accident. Further, according to the Malones' state court complaint, "Gina Scenna entrusted the 2011 Subaru Impreza motor vehicle to Defendant Alio Scenna." <u>Id.</u> at 6. Therefore, as this Court is guided by the state court pleadings, Alio Scenna's use of an auto owned by Gina Scenna and loaned to him gave rise to, caused, or contributed to the Malones' alleged bodily injuries. Consequently, the auto exclusion applies.

B.   <u>Exception to the Auto Exclusion</u>

The auto exclusion in the CGL policy contains an exception which states as follows:

This exclusion does not apply to:

****

> (3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured . . . .

ECF No. 23-3.

The Malones assert that this exception should apply as the bank parking lot is in close proximity to the parking lot of the barber shop and Alio Scenna was exiting the bank parking lot in order to return to the barber shop. Further, the Malones contend that the phrase "on, or on the way next to" is ambiguous and should be interpreted as including the accident location.

As this Court has previously found in this order, the automobile that Alio Scenna was driving at the time of the accident was "owned by or rented or loaned" to him. Middlesex Mut. Assur. Co., 738 F. Supp. 2d at 131 (finding that under this exception, it must be found that the automobile was not owned by or rented or loaned to the insured).[2] This language, contained in the exception is unambiguous. See Essex, 2008 WL 619194 at *9 (interpreting auto exclusion with similar language). And again, the entrustment to Alio Scenna by Gina Scenna is an assertion in the state court complaint adopted by this Court. Thus, the exception to the auto exclusion would not apply regardless of whether or not the accident occurred "on, or on the way next to" the barber shop. Consequently, the exception to the auto exclusion does not apply. Thus, there is no genuine issue as to any material fact and State Auto is entitled to a judgment as a matter of law.

---

[2]This Court notes that the Malones argued that Middlesex did not apply to this case as it was questionable whether the automobile was loaned to Alio Scenna. As this Court has found that the automobile was loaned to Alio Scenna, Middlesex is applicable to this case.

IV. Conclusion

Based on the analysis above, the plaintiff's motion for summary judgment is hereby GRANTED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Accordingly, this Court DECLARES that:

1.   State Auto has no duty to defend or indemnify Alio Scenna, Gina Scenna, and/or Al Scenna Barber & Styles under the CGL Policy, Policy No. BOP-2519169.

2.   The CGL policy issued by State Auto provides no coverage for, and is not applicable to, the claims of Trudy Malone, Michael Malone, or Michelle Parsons, deceased, from an automobile accident that occurred on June 28, 2012, in or about Wheeling, West Virginia, as set forth in Malone, et al. v. Scenna, et al., Civil Action No. 13-C-288 (W. Va. Cir. Ct., Ohio Co. 2013).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     April 1, 2015

                                           /s/ Frederick P. Stamp, Jr.
                                           FREDERICK P. STAMP, JR.
                                           UNITED STATES DISTRICT JUDGE